UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN RITCHIE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALLYSON HILL and GOLDEN 1 CREDIT UNION,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-CV-2163 JLS (BLM)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF Nos. 1, 2) |

Presently before the Court are Plaintiff Joaquin Ritchie's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2). Having carefully considered Plaintiff's submissions and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## DISCUSSION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus,

///

1

must pay a filing fee of $405.[1]  28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), which reads as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Here, Plaintiff indicates that he has no income of any kind, no employer, no financial accounts, and no assets.  IFP Appl. at 1–3.  Plaintiff also reports that he has no monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *Id.*

expenses. *Id.* at 4. When asked for "other information" on the IFP Application, Plaintiff writes that he and "Griselda," who is not otherwise identified on the Application, "do not legally own anything nor earn any income" and "do not identify as our ens legis." *Id.* at 5. Plaintiff then points the Court to the "definitions of ens legis and money" included with the Complaint. *Id.*

Notably, Plaintiff's Complaint contradicts his IFP Application. Attached to the Complaint is a "Periodic Account Statement," addressed to Plaintiff, which provides details about a savings account and a "Signature Loan." *See generally* Compl. Ex. B (the "Statement"). The Statement covers the period of August 1, 2023, to September 30, 2023. *See id.* During that time, the savings account's balance remained steady at "$6.00," while the loan's balance was reduced by "$574.50" in "[t]otal payments and other credits." *Id.* at 1. In the IFP Application, by contrast, Plaintiff reports that he has neither any assets nor any "money . . . in bank accounts or in any other financial institution." IFP Appl. at 2–3. This inconsistency casts doubt on the truthfulness of Plaintiff's IFP Application.[2]

Additionally, the Court does not find it credible that Plaintiff has no expenses whatsoever. *See Baker v. United States*, No. C23-1417-RSM, 2023 WL 6041706, at *1 (W.D. Wash. Sept. 14, 2023) ("[I]n indicating he has no expenses, Plaintiff does not provide any information on how he pays for food, shelter, and any other basic life necessities."), *report and recommendation adopted sub nom. Baker v. U.S. Dist. Ct.*, 2023 WL 6038008 (W.D. Wash. Sept. 15, 2023); *Aphrodite v. Rego*, No. 22-CV-1597 JLS (DEB), 2022 WL 17097434, at *1 (S.D. Cal. Nov. 21, 2022) ("The Court finds it incredible that Aphrodite has no assets, income, expenses, or debts whatsoever . . . ."). The Court is particularly skeptical in light of the loan payments detailed in the Statement. This Court has routinely granted IFP applications where plaintiffs have indicated that their expenses

---

[2] The Court also notes that Plaintiff filed another civil case in federal court earlier this year. *See* Compl. at 1. Plaintiff paid the required filing fee when he initiated that action on September 18, 2023. *See* Complaint, *Ritchie v. Chan*, No. 23-CV-1715-JO-BGS (S.D. Cal. Sept. 18, 2023), ECF No. 1. His ability to do so further contradicts the notion that he neither receives income nor incurs any expenses.

represent a substantial portion of their monthly income.  *See, e.g.*, *Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (WVG), 2022 WL 19830146, at *1 (S.D. Cal. Oct. 7, 2022). But because it lacks any information regarding Plaintiff's expenses, the Court cannot make such a finding here.

Nor is the IFP application saved by the definition of "money" that Plaintiff provides. *See* IFP Appl. at 5.  Plaintiff appended pages from the "Revised Fourth Edition" of "Black's Law Dictionary," printed in 1968, to his Complaint.  *See* Compl. at 5–7.[3]  Plaintiff highlights within those pages the following definition of "money": "In usual and ordinary acceptation it means gold, silver, or paper money used as circulating medium of exchange, [a]nd does not embrace notes, bonds, evidences of debt, or other personal or real estate." *Id.* at 7.  Plaintiff thus appears to argue that—pursuant to a cherry-picked[4] and eighty-four-year-old[5] definition of "money"—he need only report physical cash and can omit, *inter alia*, any property or electronically available funds.  To describe that contention as baseless and entirely without merit would be an understatement.  Suffice it to say, claiming to "not possess any gold or silver" does "nothing" to show eligibility for IFP status.  *Corbin-Bey v. All Parties in Evidence & Principles of Subsidiaries*, No. CV 17-5400, 2017 WL 11541165, at *1 (E.D. Pa. Dec. 6, 2017); *see also Aphrodite*, 2022 WL 1709734, at *1.

## CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

---

[3] Citations to the Complaint, but not its Exhibits, refer to the blue CM/ECF page numbers stamped to the top margin of the document.

[4] Just under Plaintiff's highlighted selection are much broader definitions.  For example, one entry describes "money" as encompassing "commodities of all kinds, of lands, and . . . everything that can be transferred in commerce."  Compl. at 7 (citation omitted).

[5] The entry Plaintiff relies on cites to *Lane v. Railey*, 133 S.W.2d 74, 79, 81 (Ky. 1939).

2.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3.  Plaintiff is **GRANTED** an additional twenty-one (21) days from the date on which this Order is electronically docketed to either (1) pay the entire $405 statutory and administrative filing fee, or (2) file a renewed application to proceed IFP that is accurate and complete. ***Should Plaintiff fail to either pay the filing fee or file a new IFP Motion, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action***. The Court also cautions Plaintiff that providing untrue allegations of poverty in bad faith can result in a dismissal *with prejudice*. *See Escobedo*, 787 F.3d at 1234 n.8; *Witkin v. Lee*, No. 217CV0232JAMEFBP, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020) ("[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is . . . ."), *report and recommendation adopted*, 2020 WL 4350094 (E.D. Cal. July 29, 2020).

**IT IS SO ORDERED.**

Dated: December 5, 2023

Hon. Janis L. Sammartino
United States District Judge