UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN RITCHIE,<br><br>          Plaintiff,<br><br>v.<br><br>ALLYSON HILL and GOLDEN 1 CREDIT UNION,<br><br>          Defendants. | Case No.: 23-CV-2163 JLS (VET)<br><br>**ORDER DENYING PLAINTIFF'S RENEWED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**<br><br>(ECF No. 6) |

Presently before the Court is Plaintiff Joaquin Ritchie's Renewed Application to Proceed in District Court Without Prepaying Fees or Costs ("Renewed IFP Appl.," ECF No. 6). In its December 5, 2023 Order (the "Order," ECF No. 3), the Court denied Plaintiff's Prior IFP Application ("Prior Appl.," ECF No. 2) and dismissed Plaintiff's Complaint ("Compl.," ECF No. 1) for failing to pay the required filing fee. Having carefully considered Plaintiff's submissions and the law, the Court **DENIES** Plaintiff's Renewed IFP Application.

/ / /

/ / /

# DISCUSSION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), which reads as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v.*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

*McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Here, Plaintiff indicates that he and his spouse earned an average of $7,891 per month over the last year and expect to earn $4,600 next month. Renewed IFP Appl. at 1–2. Plaintiff estimates that, in a typical month, his family's expenses total $6,940. *Id.* at 4–5. Plaintiff's average monthly income thus exceeds his average monthly expenses by $951. Plaintiff further reports that he and his spouse have $100 in cash, $6,350 in their bank accounts, and two vehicles with a combined value of $26,000. *See id.* at 2–3.

Based on this information, the Court finds Plaintiff has not shown that he cannot pay the court costs and still afford the necessities of life. The amount of money Plaintiff indicates he and his spouse receive each month exceeds their average expenses by enough that he could pay the one-time filing fee without impacting his regular expenses. And Plaintiff does not expect "any major changes to [his] monthly income or expenses . . . during the next 12 months." *Id.* at 5. The Court also notes that Plaintiff filed another civil case in federal court earlier this year, *see* Compl. at 1, and he managed to pay the required filing fee when he initiated that action on September 18, 2023, *see* Complaint, *Ritchie v. Chan*, No. 23-CV-1715-JO-BGS (S.D. Cal. Sept. 18, 2023), ECF No. 1.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Renewed IFP Application (ECF No. 6). Plaintiff's Complaint thus remains dismissed for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a). *See* Order at 5. The Court **GRANTS** Plaintiff an additional <u>thirty (30) days</u> from the date of this Order to pay the entire $405 statutory and administrative filing fee. ***Should Plaintiff fail to pay the filing fee, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action***.

**IT IS SO ORDERED.**

Dated: December 21, 2023

Hon. Janis L. Sammartino
United States District Judge