UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN RITCHIE,<br><br>                    Plaintiff,<br><br>v.<br><br>ALLYSON HILL and GOLDEN 1 CREDIT UNION,<br><br>                    Defendants. | Case No.: 23-CV-2163 JLS (VET)<br><br>**ORDER REGARDING PLAINTIFF'S FAILURE TO PAY THE REQUIRED FILING FEE**<br><br>(ECF No. 8) |

Presently before the Court is what was generously docketed as Plaintiff Joaquin Ritchie's "Notice of Intent to Pay Filing Fee" ("Notice," ECF No. 8). The Notice includes a single page containing the following message: "Pay to the order of Clerk, U.S. District Court, in the amount of one thousand, one hundred dollars & 00/100." Notice at 1. The Notice is apparently meant to pay the court filing fee. *See id.* ("Memo: Filing Fee for Case # 3:23-cv-02163-JLS-VET[.]"). As said fee totals only $405, the Notice adds that "the court can have the excess." *Id.* Finally, the Notice is signed by "Ritchie, Joaquin," "Private & Restricted." *Id.*

/ / /

      To state the obvious, the Notice does not constitute payment of the filing fee. Acceptable forms of payment include "cash (limits apply), personal check (except for material witness and cash bonds), cashier's check, law firm check, [or] money order. Credit cards are [also] accepted for payment of filing fees or other miscellaneous court fees."[1] Plaintiff's handwritten submission falls into none of these categories. *See Baird v. Ammiyhuwd*, No. 1:16-CV-1152, 2017 WL 430772, at *2 (S.D. Ohio Jan. 31, 2017) (rebuffing argument that parties could pay court fee with "a document entitled 'Promissory Note' in the amount of $300,000.00," in which a defendant "purportedly promise[d] to pay the Clerk of Court the full amount of the filing fees"), *report and recommendation adopted*, No. 1:16CV01152, 2018 WL 3524465 (S.D. Ohio July 23, 2018). If Plaintiff wishes to proceed with this action, he must pay the filing fee using one of the enumerated forms of payment.

      Ordinarily, the Court would end its Order here. Plaintiff's Notice, however, represents only the latest of Plaintiff's frivolous attempts to avoid paying the required filing fee. Along with his Complaint ("Compl.," ECF No. 1), Plaintiff filed an Application to Proceed *in Forma Pauperis* ("IFP") ("First Appl.," ECF No. 2). Plaintiff also appended pages from the 1968 "Revised Fourth Edition" of "Black's Law Dictionary" to his Complaint. *See* Compl. at 5–7. Plaintiff highlighted within those pages the following definition of "money": "In usual and ordinary acceptation it means gold, silver, or paper money used as circulating medium of exchange, [a]nd does not embrace notes, bonds, evidences of debt, or other personal or real estate." *Id.* at 7. Plaintiff thus appeared to argue that—pursuant to a cherry-picked and eighty-five-year-old[2] definition of "money"— he needed only report physical cash and could omit, *inter alia*, any property or electronically available funds from his First Application. The Court deemed Plaintiff's

---

[1] *Fees of the U.S. District Court; 28 USC § 1914 and Local Rule 4.5*, United States District Court, S. Dist. of Cal. (eff. Dec. 1, 2023), https://www.casd.uscourts.gov/_assets/pdf/courtinfo/Fees%20of%20the%20U.S.%20District%20Court%20(CASD).pdf.

[2] The entry Plaintiff relied on cited to *Lane v. Railey*, 133 S.W.2d 74, 79, 81 (Ky. 1939).

contention baseless and entirely without merit. *See* ECF No. 3 at 4. Finding further that Plaintiff's claim to have no expenses was contradicted by evidence in his pleadings, the Court denied the First Application. *See id.* at 3–5.

In a renewed IFP Application ("Second Appl.," ECF No. 6), Plaintiff supplanted his "money" argument with an equally frivolous contention. The Second Application was accompanied by a Response to the denial of the First Application ("Resp.," ECF No. 5). In the Response, Plaintiff explained that Joaquin-Ramon ("a living man") and "JOAQUIN RITCHIE" (his "ens legis/public corporation") were distinct legal entities. Resp. at 1. Per Plaintiff, Joaquin-Ramon did not earn income or own assets—JOAQUIN RITCHIE handled that—and Plaintiff filled out his First IFP Application accordingly. *See id.* at 1–2. Plaintiff then graciously reported that he had provided "all the commercial activity for JOAQUIN RITCHIE" in his Second Application. *Id.* at 2. Setting aside the meaninglessness of Plaintiff's Response, the Court denied the Second Application after concluding that Plaintiff had not shown an inability to pay the filing fee and still afford the necessities of life. *See* ECF No. 7 at 3. The Court granted Plaintiff until January 22, 2024, to pay the required filing fee. *See id.* Plaintiff's Notice followed on January 9.

Each of Plaintiff's evasive tactics—including this attempt to pay using his handwritten note—have roots in "sovereign citizen" ideology,[3] and "[c]ourts across the country have uniformly rejected arguments based in sovereign citizen ideology as 'frivolous, irrational, or unintelligible.'" *Bland v. Moffett*, No. 119CV01750JLTSKOPC, 2022 WL 5049934, at *7 (E.D. Cal. Oct. 4, 2022) (quoting *Bland v. Warden*, No. 2:21-cv-00518 TLN DB P, 2022 WL 1597730, at *2 (E.D. Cal. May 19, 2022)), *report and*

---

[3] *See, e.g.*, *Baird*, 2017 WL 430772, at *2; *Corbin-Bey v. All Parties in Evidence & Principles of Subsidiaries*, No. CV 17-5400, 2017 WL 11541165, at *1 (E.D. Pa. Dec. 6, 2017) (denying IFP application where plaintiff claimed to "receive[] no wages nor income neither in U.S. currency nor U.S. minted money in gold or silver"); *Bachmeier v. Einerson*, No. 3:23-CV-00179-SLG, 2023 WL 6796213, at *2 (D. Alaska Oct. 13, 2023) (rejecting petitioner's "attempt to separate himself into two entities—a natural, living person and a corporation or "ens legis" with the same name as Petitioner, but written in all capital letters"—as an argument "rooted in sovereign citizen ideology" (footnote omitted)).

3

*recommendation adopted*, 2022 WL 15523567 (E.D. Cal. Oct. 27, 2022). As Plaintiff's frivolous antics show no signs of abating, the Court now references this authority to warn Plaintiff that future such attempts to avoid paying the filing fee will not be entertained. *See United States v. Davis*, 586 F. App'x 534, 537 (11th Cir. 2014) (explaining courts "confronted with sovereign citizens'" arguments "have summarily rejected their legal theories").

To ensure that Plaintiff is not operating under the misunderstanding that his obligations have been satisfied, the Court now clarifies that the Notice does not constitute payment of his $405 filing fee. Accordingly, Plaintiff **MUST PAY** the filing fee within <u>fourteen (14) days</u> of the date of this Order if he wishes to pursue this action. ***If Plaintiff fails to pay his filing fee, this action will be dismissed for failing to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b)***. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte . . . under certain circumstances."); *Sivak v. Doe*, 837 F. App'x 552, 553 (9th Cir. 2021) (affirming dismissal after the district court "warn[ed] [litigant] that failure to pay the filing fee . . . would result in dismissal"). Such a dismissal may be with prejudice. *See* Fed R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

**IT IS SO ORDERED.**

Dated: January 16, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge